IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Jamal Harmon | ) | |
| | ) | Case No. 13 CV 4473 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden Rick Harrington, | ) | Judge Philip G. Reinhard |
| | ) | |
| Respondent. | ) | |

**ORDER**

For the reasons stated below, Jamal Harmon's petition under 28 U.S.C. § 2254 [1] is denied. The court also denies his request for an evidentiary hearing and declines to issue a certificate of appealability. The cause is dismissed in its entirety.

**STATEMENT-OPINION**

Petitioner, Jamal Harmon, ("Jamal" or "petitioner") a state prisoner, has filed a petition pursuant to 28 U.S.C. § 2254 raising a due process claim and a claim of ineffective assistance of counsel. *See* [1]. Specifically, petitioner contends his due process rights were violated because the State violated *Brady v. Maryland*, 373 U.S. 83 (1963) when it failed to disclose an agreement it had with Nicole Harmon, one of the witnesses who testified against petitioner at his trial. Petitioner claims his counsel was ineffective for 1) failing to challenge the voluntariness of the statements he provided police after he was arrested; and 2) failing to investigate the testimony of his sister, Denise Harmon, for his defense at trial. Respondent has answered, and argues that petitioner's due process claim based upon *Brady* is procedurally defaulted and his ineffective assistance of counsel claim should be denied on the merits.

In April 2007, a Winnebago County jury found Jamal Harmon ("petitioner" or "Jamal") guilty of first degree murder. *See People v. Harmon*, No. 2-10-0740, 2012 WL 6963368 at *1-2 (Ill. App. Ct. Apr. 2, 2013); [14-10]. At trial, the jury heard testimony from petitioner's niece, Nicole Harmon. Nicole testified that she witnessed Jamal beating a man in the back of his head with a baseball bat repeatedly. *Id.* at *2. She explained that after the man fell to the ground Jamal continued to hit him. She testified that Jamal eventually stopped and then proceeded to go through the victim's pockets to steal his money before he left the scene. *Id.* Two additional witnesses corroborated Nicole's testimony at trial. One of those witnesses was Jamal's then-wife, Latrice Harmon. She testified that Jamal came home on the night in question bleeding from a cut on his hand. *Id.* Latoya Harmon, another niece of Jamal's, also provided testimony. At the trial, the prosecution impeached Latoya with a written statement she had provided police

where she stated that Jamal had told her he thought he had an "attempt [*sic*] murder on his hands." *Id.* at *3. Jamal did not present any live testimony for his defense at trial. Ultimately, he was convicted of first degree murder and sentenced to forty-five years of imprisonment. *See* [14-13] at 206-207.

On July 18, 2007, Jamal filed his direct appeal. *Id.* at 208. At the Illinois Appellate Court he argued that his trial counsel was ineffective for failing to challenge the statement he gave to police while he was in custody because he was detained for more than five days and because police made a material misrepresentation shortly before he delivered his statement. *See* [14-2 at 17-28]. On May 26, 2009, the Illinois Appellate Court rejected Jamal's arguments and affirmed the judgment of the trial court. *See* [14-1]. Subsequently, Jamal sought leave to appeal to the Illinois Supreme Court, but this petition was denied on September 30, 2009. *See* [14-6].

On March 31, 2010, Jamal returned to the state trial court with a petition for postconviction relief. In this petition, Jamal raised a multitude of undeveloped claims. Among those claims, he argued his trial counsel was ineffective for failing to investigate the potential testimony of his sister, Denise Harmon. *See* [14-13 at 219-230]. In a one-page written order, the trial court dismissed the petition for postconviction relief and determined that Jamal had failed to assert a constitutional claim. *Id.* at 263. Jamal appealed the dismissal. At the Illinois Appellate Court, he argued that the trial court erred because his petition raised a constitutional claim of ineffective assistance of counsel and a due process claim under *Brady v. Maryland*, 373 U.S. 83 (1963). Ultimately, the Illinois Appellate Court disagreed and affirmed the trial court's dismissal on April 2, 2012. *See generally People v. Harmon*, No. 2-10-0740, 2012 WL 6963368 at *8 (Ill. App. Ct. Apr. 2, 2012); [14-10 at 7]. Shortly thereafter, the Illinois Supreme Court denied Jamal's petition for leave to appeal. [14-11].

On June 30, 2013, Jamal filed the instant *pro se* petition in this court pursuant 28 U.S.C. § 2254. [1]. In his petition, Jamal contends he is entitled to *habeas* relief because the Illinois Appellate Court unreasonably applied the United States Supreme Court's decisions in 1) *Brady v. Maryland*, 373 U.S. 83 (1963); and 2) *Strickland v. Washington*, 466 U.S. 668 (1984).

28 U.S.C. § 2254 limits a federal district court's ability to grant *habeas* relief to state prisoners. Relief will not be granted unless the court determines that a state court's adjudication of a claim resulted in a decision that was 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court[;]" or was 2). . . "based on an unreasonable determination of the facts in light of the evidence presented. . . " 28 U.S.C. § 2254 (d)(1)-(2). The federal courts review a state court's decision on a deferential standard of review. *Griffin v. Pierce*, 622 F.3d 831, 841 (7th Cir. 2010). A federal court may not grant relief if it determines a state court applied federal law incorrectly. Instead, a writ can only be issued if the federal court determines that a state court's application of federal law was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). This is a difficult standard for a habeas petitioner to prove as the Seventh Circuit has defined objectively

unreasonable as "something lying well outside the boundaries of permissible differences of opinion." *McFowler v. Jaimet*, 349 F.3d 436, 447 (7th Cir. 2003)[1].

After reviewing the instant petition, the court finds Jamal is unable to prove that the decision of the Illinois Appellate Court was objectively unreasonable. While he seems to claim that he is entitled to relief because the appellate court unreasonably applied *Brady v. Maryland*, 373 U.S. 83 (1963), and *Strickland v. Washington*, 466 U.S. 668 (1984), his arguments are unconvincing.

**A. Due Process Claim**

The court turns first to Jamal's due process claim relating to *Brady v. Maryland*, 373 U.S. 83 (1963). Jamal contends that the State "violated [his] right to due process under Brady" because the State failed to turn over evidence that one of its witnesses, Nicole Harmon, made an agreement with the State in exchange for her testimony at trial. Respondent argues this claim is procedurally defaulted because Jamal did not present this argument on direct appeal and failed to present the claim to the trial court on postconviction review. After reviewing the record, the court agrees.

"Generally, a petitioner must raise a claim in state court before raising it on federal habeas review. This exhaustion requirement includes raising both the broad claim . . . [and] also the specific arguments and 'operative facts' within that claim." *McNary v. Lemke*, 708 F.3d 905, 919 (7th Cir. 2013) (internal quotation marks and citations omitted.). If a claim is not raised "at each level of state court review" it is procedurally defaulted. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). The federal court is generally precluded from reaching the merits of any procedurally defaulted claim. *Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013). However, "procedural default may be excused . . . if the petitioner can show both cause for and prejudice from the default, or can demonstrate that the district court's failure to consider the claim would result in a fundamental miscarriage of justice." *Id.* (citations omitted).

After reviewing the record in this case, the court concludes that Jamal's due process claim under *Brady* is procedurally defaulted. Jamal did not assert this claim on direct review and failed to assert this claim at the state trial court on post conviction review. *See* [14-2] (reflecting that on direct review Jamal asserted only a claim of ineffective assistance of counsel.); [14-13] at 219-250. In his postconviction petition to the state trial court, Jamal asserted a myriad of factual allegations and errors committed at trial and various instances of ineffective assistance of counsel. *See* [14-13] at 219-250. None of those allegations or arguments asserted or even

---

[1]As most recently stated in *Burt v. Titlow*, No. 12-414, 2013 U.S. LEXIS 8039 at *11-12 571 U.S. ___, (U.S. Nov. 5, 2013) the "AEDPA likewise imposes a highly deferential standard for reviewing claims of legal error by the state courts: A writ of habeas corpus may issue only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" this Court." *Id.* quoting § 2254 (d)(1).

insinuated that he was entitled to relief because the State committed a *Brady* violation. Jamal claimed his trial counsel was ineffective for failing to "obtain[] and us[e] information of promises from the Winnebago County State's Attorney's Office to Nicole Harmon [sic] [,]" but he never stated a due process claim based upon an alleged *Brady* violation. [14-13] at 244. Indeed, Jamal's petition for postconviction relief is void of any language which indirectly set forth legal argument to alert the state trial court of any *Brady* claim.[2] Accordingly, this court finds the claim procedurally defaulted and declines to address its merits. *See McNary*, 708 F.3d at 919 (stating that a habeas petition must raise the broad claim as well as the specific arguments at each level of the state court review); *see also Lieberman v. Thomas*, 505 F.3d 665, 670-71 (7th Cir. 2007) (finding that a petitioner defaulted his claim because he did not present the claim to the state trial court in his *habeas corpus* petition); *Lewis*, 390 F.3d at 1026-27 (noting that a petitioner's assertion that his counsel was ineffective for failing to pursue a particular constitutional issue is a separate and independent claim from the constitutional issues and both must be asserted at each level of the state court to satisfy exhaustion requirements under the AEDPA.).[3]

**B. Ineffective Assistance of Counsel Claim**

The court turns next to Jamal's ineffective assistance of counsel claim. Jamal contends he is entitled to *habeas* relief because the Illinois Appellate Court unreasonably applied

---

[2]In fact, it is possible that such information was disclosed, as Jamal does not claim that his attorney was not aware of such information.

[3]Even if petitioner's claim under *Brady v. Maryland*, 373 U.S. 83 (1963), was not procedurally defaulted, this court would not grant *habeas* relief. The Illinois Appellate Court addressed Jamal's *Brady* claim on postconviction review and determined that the evidence of Nicole Harmon's agreement with the State did not satisfy the "materiality" requirement for a *Brady* violation. *See Harmon*, 2012 WL 6963368 at *6-7 (citing *People v. Garcia*, 939 N.E.2d 972, 981 (Ill. App. Ct. 2010)); [14-10 at 5-6]. The court reasoned that Jamal could not establish "that there was a reasonable probability that the outcome of the trial would have been different if Denise's evidence [that Nicole had an agreement with the State] had been presented . . ." *Id.* at *7; [14-10 at 6]. This is the appropriate analysis under *Brady,* as the United States Supreme Court has explained "there is never a real 'Brady violation' unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." *Strickler v. Greene*, 527 U.S. 263, 281 (1999). There is sufficient record evidence to support the conclusion that Jamal's alleged Brady violation would not have changed the outcome of his trial. Thus, the Illinois Appellate Court's conclusion that Jamal could not establish a *Brady* violation was not objectively unreasonable and his claim would fail even if he had presented it at all levels of the state court. *See Morgan v. Hardy*, 662 F.3d 790, 801-02 (7th Cir. 2011) (affirming a district court's denial of a prisoner's habeas petition and finding the Illinois Supreme Court reasonably applied *Brady* when it concluded that the suppressed evidence was not material because it would not have changed the outcome of the proceedings).

*Strickland v. Washington*, 466 U.S. 668 (1984) when it determined that Jamal could not establish that his trial counsel was ineffective on both direct appeal and postconviction review. In the instant petition, Jamal claims his trial counsel was ineffective because he 1) failed to challenge the voluntariness of the statements he provided to police; and 2) failed to investigate and present testimony from his sister, Denise Harmon for his defense at trial. Respondent argues these claims should be denied because the decisions of the Illinois Appellate Court on direct and postconviction review were not "contrary to" clearly established federal law. *Price v. Vincent*, 538 U.S. 634, 640 (2003).

Jamal claims that his trial counsel was ineffective because he failed to challenge the voluntariness of the statements he provided police.[4] On direct review, the Illinois Appellate Court addressed this argument and expressly applied *Strickland's* two-pronged test when it concluded that petitioner could not establish a claim. *See People v. Harmon*, No. 2–07–0734, slip. op. at 2 (Ill. App. Ct. May 26, 2009); [14-1 at 2] (stating that under *Strickland*, "a defendant must show both that counsel's performance was deficient and that the deficient performance cause him prejudice."). In its opinion, the appellate court determined that Jamal could not establish the prejudice prong in *Strickland* because Jamal's assertions regarding the involuntariness of his statement were without merit. First, the court determined Jamal's contention of involuntariness based on the lack of a probable cause hearing was misplaced because he was arrested pursuant to an arrest warrant and therefore was not entitled to a probable cause hearing. *See id.* at 3. This conclusion is not contrary to federal law as it is well established that only "persons arrested without a warrant must promptly be brought before a neutral magistrate for a judicial determination of probable cause." *County of Riverside v. McLaughlin*, 500 U.S. 44, 53 (1991).

Next, the Illinois Appellate Court addressed Jamal's argument regarding the alleged misrepresentations police made shortly before Jamal gave his statement. Jamal argued that his trial counsel was ineffective for failing to argue that his statement was involuntary because police made misrepresentations immediately before he gave his statement. In rejecting this argument, the Illinois Appellate Court reasoned that even if it assumed a deceptive representation was made, this alone would not render Jamal's statement involuntary. *See People v. Harmon*, No. 2–07–0734, slip. op. at 3-4 (Ill. App. Ct. May 26, 2009); [14-1 at 3-4]. The appellate court explained that a statement is involuntary "only when the defendant's will was overborne at the time of the confession, such that the confession 'cannot be deemed the product of a rational intellect and a free will.'" *Id.* (citing *People v. Foster*, 660 N.E.2d 951, 956 (Ill. 1995)). It

---

[4]It is worth noting that Jamal's trial counsel did in fact file a motion to suppress the statement Jamal gave police. *See* [14-13 at 71-72]. However, in the motion to suppress, Jamal's attorney argued that his statement should be suppressed because Jamal had not waived his *Miranda* rights under the Fourth, Fifth, and Sixth, and Fourteenth Amendments. *See id.* After hearing testimony and reviewing videotapes of the interviews, the trial court denied this motion and concluded that petitioner was advised of all of his rights and knowingly and voluntarily waived them. [14-14 at 165].

concluded that any coercive effect of the statements made by police did not overbear Jamal's will not to confess. This analysis is not objectively unreasonable nor contrary to federal law, as the Supreme Court has explained that misrepresentations by police "while relevant [are] insufficient . . . to make [an] otherwise voluntary confession inadmissible." *Fraizer v. Cupp*, 394 U.S. 731, 739 (1969); s*ee also Johnson v. Pollard*, 559 F.3d 746, 754 (7th Cir. 2009) (stating that "[a]n interrogating officer's misrepresentations are neither dispositive of nor irrelevant to the question of whether a defendant's statement was voluntary . . . when an interrogator makes a false statement to a defendant, we must evaluate the extent to which the misrepresentation overcame the defendant's will by distorting an otherwise rational choice.") (citations omitted).

As such, this court rejects Jamal's ineffective assistance of counsel claim premised upon his trial counsel's failure to challenge the voluntariness of the statement. This court finds the Illinois Appellate Court's decision on direct review was not objectively reasonable and *habeas* relief is therefore not warranted.

Similarly deficient is Jamal's ineffective assistance of counsel claim based upon his attorney's failure to investigate and present the testimony of Denise Harmon. On postconviction review, the Illinois Appellate Court addressed this argument and in doing so set forth the standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). It determined that the claim failed because Jamal could not demonstrate prejudice. *See Harmon*, 2012 WL 6963368 at *6; [14-10 at 5-6]. The Illinois Appellate Court found that Jamal could not establish that there was a "reasonable probability that the outcome of the trial would have been different had [Jamal's] lawyer investigated and presented Denise's testimony . . . " *Id.* In reaching this conclusion, the court highlighted the overwhelming amount of evidence presented at trial. It specifically mentioned the "eyewitness testimony, [Jamal's] statement admitting involvement, [Jamal's] statement to Latoya, who testified that she was effectively [Jamal's] confidant and that he always talked to her about things that were happening in his life, as well as Latrice's testimony about [Jamal's] demeanor and injuries around the time of the offense . . .[.]" *Id.* at *7; [14-10 at 6]. The Illinois Appellate Court found this evidence was more than enough to establish Jamal's guilt and concluded that even if Denise Harmon testified about an alleged deal the State made with Nicole Harmon in exchange for her testimony, the outcome of the trial would not have changed.

This is a reasonable application of *Strickland* and the court here refuses to disturb the Illinois Appellate Court's conclusion*. See Stuckey v. Hulick*, 258 Fed. Appx. 891, 895 (7th Cir. 2007) (finding the appellate court's application of *Strickland v. Washington* reasonable where the court concluded that a petitioner could not establish prejudice from his attorney's failure to call an alleged alibi witness because there was significant evidence establishing petitioner's guilt.). As such, the court finds Jamal cannot establish a claim for ineffective assistance of counsel because his trial counsel failed to call Denise Harmon as a witness at trial.

Jamal has failed to establish the decisions of the Illinois Appellate Court were objectively unreasonable. The court finds that the Illinois Appellate Court reasonably applied *Brady v. Maryland*, 373 U.S. 83 (1963) and *Strickland v. Washington*, 466 U.S. 668 (1984), when it

rejected Jamal's due process claim and his claims of ineffective assistance of counsel. In light of this conclusion, the court denies Jamal's petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 and denies Jamal's request for an evidentiary hearing.

As a final matter, the court declines to issue a certificate of appealability. Rule 11 of the Rules governing Section 2254 cases in the United States District Courts mandate that the court rule on a certificate of appealability when it denies a petition under Section 2254 or otherwise closes the case. A certificate of appealability is not granted as a matter of right and instead may only be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing occurs when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were adequate to deserve encouragement to proceed further." *Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

While Jamal attempted to raise constitutional issues in his petition, the court finds his claims meritless and does not find that "reasonable jurists could debate whether . . . the petition should have been resolved in a different matter." *Id.* Thus, because there is no substantial constitutional question for appeal, the court declines to issue a certificate of appealability.

For the reasons above, Jamal Harmon's petition under 28 U.S.C. § 2254 is denied. [1]. The court also denies his request for an evidentiary hearing and declines to issue a certificate of appealability. The cause is dismissed in its entirety.

Date: 2/21/2014 ENTER:

Philip G. Reinhard
United States District Court Judge

Notices mailed by Judicial Staff. (LC)